IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARRY CONRAD, | No. C 08-2851 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration | |
| Defendant. | |

The parties have filed cross-motions for summary judgment in this Social Security appeal. Having carefully considered the parties' papers and the administrative record, the Court hereby DENIES plaintiff's motion, and GRANTS defendant's motion.

**BACKGROUND**

On February 10, 2005, plaintiff applied for disability insurance benefits and supplemental security income on the basis of "back and leg problems, hearing and mental problems." Administrative Record ("AR") at 131. After the Social Security Administration denied the applications initially and on reconsideration, this matter was heard by an Administrative Law Judge ("ALJ"). *Id*. at 290, 295. On August 24, 2007, the ALJ issued a decision finding plaintiff was not disabled because she could perform her past relevant work as a cashier. *Id*. at 18-27.

The ALJ found that the record contained insufficient evidence to establish any medically determinable impairment prior to March 11, 2005. *Id*. at 21. The ALJ noted that plaintiff was seen in November 2003 for neck pain after a fall, and that she was treated and released without complication.

*Id*. The ALJ stated, "[t]here is no documentation in the record before me showing any medical care or treatment for any conditions for the period between November 2003 and March 2005." *Id*. In March 2005, plaintiff was evaluated and treated for depression and active polysubstance abuse. *Id*. The ALJ found that the evidence showed that beginning March 11, 2005, plaintiff had the severe impairments of depression and a polysubstance use disorder, and that she had the residual functional capacity to perform "a full range of work at all exertional levels but with the following nonexertional limitations: she cannot understand, remember, or carry out detailed or complex instructions; and should not work in a very demanding work setting." *Id*. at 21-22. The ALJ found that plaintiff was capable of performing her past relevant work as a cashier, and that she was also capable of "doing a variety of clerical jobs and manual jobs, such as assembly and painting jobs" that she had previously done on a temporary basis. *Id*. at 26-27.

Plaintiff requested review of the ALJ's decision by the Appeals Council. In a decision dated May 9, 2008, the Appeals Council adopted all of the ALJ's findings and conclusions except for the ALJ's finding that plaintiff was capable of performing her past relevant work as a cashier. *Id*. at 10. The Appeals Council noted that while plaintiff reported she had worked as a K-Mart cashier in 1998 and 1999, a computer query showed no earnings from K-Mart during that time, and thus it was unclear whether the cashier job could be considered to be past relevant work. *Id*. The Appeals Council found that "[t]he claimant's nonexertional limitations do not significantly affect her residual functional capacity to perform work-related activities at all exertional levels. Using section 204.00 of 20 CFR Part 404, Subpart P, Appendix 2, as a framework for decisionmaking, the claimant is not disabled (20 CFR 416.920(f))." *Id*. at 10-11.[1] The Appeals Council's decision is the final decision of the Commissioner of Social Security for purposes of the Court's review.

**LEGAL STANDARD**

A district court's review of a disability determination is limited, and a final administrative

---

[1] When the agency relies on the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2, there is no requirement that the agency enunciate specific jobs for which the claimant is physically capable of performing. *See Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983).

2

decision may be altered "only if it is based on legal error or if the fact findings are not supported by substantial evidence." *Sprague v. Bowen*, 812 F.2d 1226, 1229 (9th Cir. 1987). Substantial evidence is relevant evidence in the entire record "which a reasonable person might accept as adequate to support a conclusion." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). Substantial evidence consists of "more than a mere scintilla but less than a preponderance." *Young v. Sullivan*, 911 F.2d 181, 183 (9th Cir. 1990). The Court must consider the entire record, including evidence that both supports and detracts from the ALJ's decision. *See Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). However, the ALJ's decision must be upheld if the evidence is susceptible to more than one rational interpretation. *Allen v. Secretary of Health and Human Servs.*, 726 F.2d 1470, 1473 (9th Cir. 1984).

**DISCUSSION**

Plaintiff raises two issues on appeal. First, plaintiff contends that the Appeals Council erred by using the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2 (also referred to as the "Grid"), to conclude that plaintiff was capable of performing other work in the national economy, and that instead the testimony of a vocational expert was required. Second, plaintiff contends that the Appeals Council failed to address plaintiff's subjective complaints.

**I.   Medical-Vocational Guidelines/Vocational Expert**

Citing *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999), plaintiff contends that "where a claimant has significant non-exertional limitations, the ALJ cannot rely on the Medical-Vocational Guidelines (i.e., the "Grids")," but rather "is required to take the testimony of a vocational expert before making a decision at the fifth step of the evaluation." Pl.'s Mot. Sum. J. at 5-6. However, *Tackett* does not go quite so far as plaintiff suggests.

As explained in *Tackett*, "[o]nce a claimant has established that he or she suffers from a severe impairment that prevents the claimant from doing any work he or she has done in the past, the claimant has made a *prima facie* showing of disability. At this point – step five – the burden shifts to the Commissioner to show that the claimant can perform some other work that exists in 'significant

3

numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. The Commissioner can meet this burden by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines. *Id.* at 1101. The *Tackett* court described the Guidelines as follows:

> In some cases, it is appropriate for the ALJ to rely on the Medical-Vocational Guidelines to determine whether a claimant can perform some work that exists in "significant numbers" in the national economy. The Medical-Vocational Guidelines are a matrix system for handling claims that involve substantially uniform levels of impairment. *See* 20 C.F.R. pt. 404, subpt. P, app. 2.
>
> The Guidelines present, in *table form*, a short-hand method for determining the availability and numbers of suitable jobs for a claimant. These tables are commonly known as "the grids." The grids categorize jobs by their physical-exertional requirements and consists of three separate tables – one for each category: "[m]aximum sustained work capacity limited to sedentary work," "[m]aximum sustained work capacity limited to light work," and "[m]aximum sustained work capacity limited to medium work." 20 C.F.R. pt. 404, subpt. P, app. 2, rule 200.00. Each grid presents various combinations of factors relevant to a claimant's ability to find work. The factors in the grids are the claimant's age, education and work experience. For each combination of these factors, e.g., fifty years old, limited education, and unskilled work experience, the grids direct a finding of either "disabled" or "not disabled" based on the number of jobs in the national economy in that category of physical-exertional requirements. *See id.*

*Id.* (emphasis in original).

*Tackett* holds that the Commissioner may use the grids only when they "completely and accurately represent a claimant's limitations." *Id.* The court cautioned that "significant non-exertional impairments, such as poor vision or inability to tolerate dust or gases, may make reliance on the grids inappropriate. . . . However, the fact that a non-exertional limitation is alleged does not automatically preclude application of the grids." *Id.* at 1102. The critical point is that the grids should only be applied where a claimant's functional limitations – both exertional and non-exertional – "fall into a standardized pattern accurately and completely described by the grids." *Id.* at 1103. In *Tackett*, the Ninth Circuit held that the ALJ erred by relying solely on the grids because the claimant's need to shift, stand up, or walk around every 30 minutes "is a significant non-exertional limitation not contemplated by the grids." *Id.* at 1103-04.

Thus, contrary to plaintiff's assertions, *Tackett* does not automatically preclude use of the grids whenever a claimant has a significant non-exertional limitation. *See Hoopai v. Astrue*, 499 F.3d 1071,

1076 (9th Cir. 2007) ("[A] vocational expert is required only when there are significant and 'sufficiently severe' non-exertional limitations not accounted for in the grid."); *Lounsburry v. Barnhart*, 468 F.3d 1111, 1115 n.2 (9th Cir. 2006) ("*Tackett*'s bar on exclusive reliance on the grids is limited by its requirement that the nonexertional impairments invoked must be significant enough to limit further the range of work permitted by exertional limitations before precluding application of the grids.").

Here, plaintiff does not advance any argument regarding why, given her nonexertional limitations, usage of the grids was improper. The Appeals Council adopted the ALJ's finding that plaintiff is capable of "a full range of work at all exertional levels but with the following nonexertional limitations: she cannot understand, remember, or carry out detailed or complex instructions; and should not work in a very demanding work setting." AR at 21-22. There is nothing about these nonexertional limitations that renders usage of the grids improper, particularly because the grids contemplate unskilled work "which needs little or no judgment to do simple duties." 20 C.F.R. § 404.1568(a); *see also Titles II and XVI: Capability to Do Other Work – The Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments*, SSR 85-15, Soc. Sec. Rep. Serv. 343, 1985 WL 56857, at *4 (Nov. 30, 1984) ("The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. . . . Where there is no exertional impairment, unskilled jobs at all levels of exertion constitute the potential occupational base for persons who can meet the mental demands of unskilled work."); *see also Tackett*, 180 F.3d at 1101 n.5 ("If a claimant is found able to work the full range of heavy work this is generally sufficient for a finding of not disabled.") (internal quotations and citation omitted).

## II.     Plaintiff's subjective testimony

Plaintiff also contends that "the Appeals Council failed to address Ms. Conrad's subjective testimony or provide any reasons whatsoever for discrediting that testimony." Motion at 6:21-22. However, defendant correctly notes that with the exception of the ALJ's past work finding, the Appeals

Council adopted all of the ALJ's findings and conclusions, including the ALJ's detailed discussion of plaintiff's subjective testimony and her credibility. AR at 9. The ALJ found plaintiff's testimony not entirely credible for a number of specific reasons, including, *inter alia*, the lack of objective evidence to support plaintiff's subjective complaints, large gaps in her treatment history, plaintiff's daily activities, and the fact that plaintiff's symptoms appeared and increased when she failed to take psychotropic medication and/or used drugs or alcohol. *Id.* at 23-26. By adopting the ALJ's findings, the Appeals Council did address plaintiff's subjective testimony and her credibility, and thus plaintiff's argument lacks merit.[2]

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion for summary judgment and GRANTS defendant's motion for summary judgment. (Docket Nos. 8 & 9).

**IT IS SO ORDERED.**

Dated: July 2, 2009

SUSAN ILLSTON
United States District Judge

---

[2] Plaintiff does not challenge any particular aspect of the ALJ's credibility findings. In any event, the Court finds that the ALJ's credibility findings are specific and supported by substantial evidence. The ALJ explains in detail why he found plaintiff's testimony not entirely credible, including an extensive discussion of the medical evidence. *See generally* AR at 23-26.